IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAD ALLEN BAKER, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-31-S-BK |
| | § | |
| LORI BAKER GRAY, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.    BACKGROUND

On January 6, 2022, Brad Allen Baker of Euless, Texas, filed the instant *pro se* complaint against Lori Baker Gray of Sachse, Texas. Doc. 3 at 1-3; Doc. 3 at 100 (*Civil Cover Sheet*). He asserts that Defendant pilfered Plaintiff's stepfather's commercial and residential properties, causing Defendant to lose his inheritance. Doc. 3 at 1-3. Baker includes over 90 pages of exhibits with his complaint. Doc. 3 at 4-99. He has also filed a notice of *Forgery/Theft of Inheritance*, which includes additional exhibits. Doc. 5.

### II.    ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor*

*Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action.").  Unless otherwise provided by statute, a federal district court has subject matter

jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty,

*see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between

parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-

pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal

question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no

federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v.*

*Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Baker's complaint with all deference due a *pro se* litigant.

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally

construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.*

FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most

liberal construction, however, Baker has not alleged facts that establish federal question or

diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane*

*Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks

omitted).  The complaint in this case does not support federal question jurisdiction, as Baker

does not allege any constitutional or federal statutory violation.  At best, Baker alleges only a

state claim arising from an inheritance dispute.

Also, Baker's pleadings, including his assertion on the *Civil Cover Sheet* that the Defendant is located in Texas, defeat subject-matter jurisdiction on the basis of diversity. Doc. 3 at 100; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims Baker may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.    LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Baker in his complaint clearly demonstrates a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV.    CONCLUSION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on January 19, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Page 3 of 4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).